Jorge GONZALEZ–GONZALEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73343.

Agency No. A77–065–086.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 12, 2005.

Lea Greenberger, Attorney at Law, En-
cino, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San
Francisco, CA, Ernesto H, Molina, Jr.,
Barry J. Pettinato, Esq., Washington, DC,
for Respondent.

Before BEEZER, HALL and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Jorge Gonzalez–Gonzalez, a native and
citizen of Mexico, petitions for review of
the Board of Immigration Appeals'
("BIA") decision summarily affirming an
immigration judge's ("IJ") denial of his
application for asylum, withholding of re-
moval and relief under the Convention
Against Torture ("CAT"). We dismiss in

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's determination that Gonzalez–Gonzalez was statutorily ineligible for asylum under the one-year bar. *See* 8 U.S.C. § 1158(a)(2)(B); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). We similarly lack jurisdiction to consider Gonzalez–Gonzalez's contention that extraordinary circumstances caused the delay in filing. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

■ We review for substantial evidence the IJ's denial of Gonzalez–Gonzalez's application for withholding of removal. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Gonzalez–Gonzalez testified that in 1979, his father, a state police officer, was murdered by drug cartel members or members of the state police. He also testified that he was not physically harmed or threatened while in Mexico. Substantial evidence supports the IJ's conclusion that Gonzalez–Gonzalez did not establish that he was persecuted, *see Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995), or that he had reason to fear returning to Mexico so as to meet the stringent standard to support an application for withholding of removal, *see Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

Gonzalez–Gonzalez's CAT claim also fails because he did not demonstrate it was more likely than not that he would be tortured if he returned to Mexico. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

The IJ did not abuse his discretion in denying Gonzalez–Gonzalez's motion for a continuance to introduce country condition evidence because the information was already in the record. *See Gonzalez v. INS*, 82 F.3d 903, 908 (9th Cir.1996).

Gonzalez–Gonzalez's regulatory challenge to the BIA's streamlining of his case is unpersuasive. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir. 2004).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.